## GLEAVES v. W. B. FISHBURN CO. et al.

### No. 7657.

Circuit Court of Appeals, Fifth Circuit.

March 28, 1936.

Leroy A. Smith and Van Zandt Smith, both of Fort Worth, Tex., for appellant.

R. V. Nichols, of Fort Worth, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant as receiver of W. B. Fishburn, Incorporated, brought this suit against W. B. Fishburn Company, W. B. Fishburn, Glenn C. Garrett, Roy Scott, L. R. Sarazan, and George F. Seideman to enjoin the use of the name "Fishburn" by any of them, alleging unfair competition, and against Southwestern Bell Telephone Company to prevent its publishing the name "W. B. Fishburn Company" in its telephone directory.

From the findings of facts by the District Court, it appears that W. B. Fishburn for many years prior to and after 1920 was connected with the cleaning and dyeing business in Fort Worth, Tex. In 1920 with others he organized W. B. Fishburn, Incorporated, a corporation, for the purpose of conducting a cleaning and dyeing busi-ness in Forth Worth. The business was rapidly built up and established as one of the leading dyeing and cleaning concerns in the city. Through many years of its existence by efficient service and high quality of workmanship, large sums of money spent in advertising, and other fair means, it built up for itself throughout the entire trade territory of North Texas and surrounding states a large and lucrative business and a good will under the name of "W. B. Fishburn, Incorporated," which was valuable to it. W. B. Fishburn, Incorporated, was put into receivership on April 7, 1933, and appellant, J. T. Gleaves, was appointed receiver. The receiver was ordered to take over all the assets of the corporation, including its good will, and to continue the operation of its business under the name of "W. B. Fishburn, Incorporated." W. B. Fishburn personally took bankruptcy in 1932 and his relationship with W. B. Fishburn, Incorporated, was ended. On February 3, 1934, Fishburn, Garrett, and Scott, made defendants in the case, organized the W. B. Fishburn Company, a corporation, for transacting a cleaning and dyeing business in Forth Worth, Tex., and said company was operating in competition with W. B. Fishburn, Incorporated, when the suit was filed.

At the time W. B. Fishburn Company was organized it was announced through the papers that W. B. Fishburn, the pioneer master cleaner and dyer, having severed all former connections, announces the formation of an entirely new dyeing and cleaning company at 1123 West Weatherford street, which is approximately one-half mile from the central office of W. B. Fishburn, Incorporated, at 501 Commerce street. There is much confusion arising out of the similarity in names between W. B. Fishburn, Incorporated, and W. B. Fishburn Company. Persons intending to do business with one company by mistake go to the other company, but it does not appear that W. B. Fishburn Company has agreed to or assisted in the creation of the confusion or that it or the other defendants have been guilty of any fraud, overreaching, or unfair competition, but, on the contrary, the W. B. Fishburn Company has attempted from its inception to distinguish as between the two companies in the minds of the public by advertisements on its trucks and in newspapers to the effect that it was in no manner connected with the old W. B. Fishburn, Incorporated. Its em-

ployees were instructed to likewise inform the public of this fact. The confusion arises solely from the similarity of names.

A decree was entered denying the injunction to prohibit the use of the name "Fishburn," but it was ordered that the defendants distinguish the name of "W. B. Fishburn Company" from that of "W. B. Fishburn, Incorporated," by inserting the words, "not connected with the old W. B. Fishburn, Incorporated," directly following the name of "W. B. Fishburn Company" in all advertising matter of every kind and character, and the Southwestern Bell Telephone Company was ordered to insert the said words after the name "W. B. Fishburn Company" in all its telephone directories to be published in the future or until further orders of the court. The bill was dismissed as to Sarazan and Seideman.

The evidence in the record tends to support the above-stated findings of facts. Nothing is shown that would prevent W. B. Fishburn from using his name in connection with the corporation by himself and others. Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U.S. 118, 25 S.Ct. 609, 49 L.Ed. 972; L. E. Waterman Co. v. Modern Pen Co., 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142.

The judgment appealed from is affirmed.