**FISHBURN et al. v. W. B. FISHBURN CLEANERS et al.**

**W. B. FISHBURN CLEANERS, Inc., v. FISHBURN et al.**

Nos. 727, 926.

District Court, N. D. Texas, Fort Worth Division.

June 22, 1937.

R. V. Nichols, of Fort Worth, Tex., for W. B. Fishburn and W. B. Fishburn Co.

LeRoy A. Smith & Van Zandt Smith, of Fort Worth, Tex., for W. B. Fishburn Cleaners, Inc.

L. L. Gambill, of Fort Worth, Tex., for Southwestern Bell Telephone Co.

ATWELL, District Judge.

This is a consolidation of two suits. One started in the state court by W. B. Fishburn, individually and as president of the Fishburn Company, against W. B. Fishburn Cleaners, Inc.; the other began in this court by W. B. Fishburn Cleaners, Inc., against W. B. Fishburn individually and as president of the W. B. Fishburn Company. In 1922 W. B. Fishburn incorporated his business. That corporation issued bonds in the sum of $85,000. The bonds were sold. In 1932, Fishburn went into bankruptcy. A receiver was appointed for W. B. Fishburn, Inc., in 1933, and in February, 1934, Fishburn, having lost his interest in that particular child—legal child—formed a new corporation called W. B. Fishburn Company, and has been operating it since.

In November, 1936, the court having charge of the original W. B. Fishburn, Inc., ordered its assets sold, a part of which assets were physical and a part of which were the good name, etc. The buyers were the holders of the $85,000 in bonds, which had theretofore been issued by W. B. Fishburn, Inc.

After the purchase, the buyers incorporated in another state, under the name of W. B. Fishburn Cleaners, Inc., and continued business in Forth Worth, Tex.

The immediate contest arises over the desire of the W. B. Fishburn Company to claim for itself the exclusive use of the name, W. B. Fishburn.

In passing upon litigation between W. B. Fishburn Company and W. B. Fishburn, Inc., the court determined that Mr. Fishburn may go forward, under. the name of W. B. Fishburn Company, provided he made it known to the people that he was not connected with W. B. Fishburn, Inc. That seems to have been a righteous decision. He was connected with W. B. Fishburn, Inc., he exploited it—I mean that word in a good sense—and then lost his interest in it, but it continued to go forward as it had the right to do. He had breathed into it legal life, and, after having done that, he could not stifle it, he could not destroy it, that would be unjust, it would not be right. Gleaves v. W. B. Fishburn Company (C.C.A.) 82 F.(2d) 627.

The fact that the purchasers at the November, 1936, sale of W. B. Fishburn, Inc., saw fit after that to incorporate in another state is of no consequence. The Secretary of State allowed W. B. Fishburn Cleaners, Inc., to come into Texas as a foreign corporation and to do business here.

I do. not think that Mr. Fishburn should be permitted to push out the W. B. Fishburn Cleaners, Inc., nor should the latter be permitted to push W. B. Fishburn Company out. They both have the right to operate. Both have a place, and neither must operate as the other. Neither must mislead the customer into thinking that the one is the other. Neither is the other—each is distinct. Both exist because of Mr. Fishburn's activity. So Mr. Fishburn must continue to live with those whom he created, or had a part in creating. I deny any restraint upon the telephone company putting in its directory both customers. After the name W. B. Fishburn Company, there shall continue the information, that, "it is not connected in any way with W. B. Fishburn, Inc.," to which shall be added, "nor with W. B. Fishburn Cleaners."

There is no question of unfair competition. 45 Corpus Juris p. 342, § .18; Howe Scale Co. v. Wyckoff, S. & B., 198 U.S. 118, 25 S.Ct. 609, 49 L.Ed. 972. Such confusion as follows the similarity of names will not support court interference, where the right to use his name has been consented to by a corporate officer. The sale by such corporation of that right and good

will is a privity that cannot be denied by the original owner.

Unfair competition will be halted, Buckspan v. Hudson's Bay Company (C.C.A.) 22 F.(2d) 721, but the right to use "W. B. Fishburn" belongs to both corporations herein concerned—such right having been secured from and through W. B. Fishburn. So long as neither palms itself off as the other nor is guilty of any other inequity, the court will not interfere.